FRANK HORGAN *vs.* ROSWELL M. LYONS.

Submitted on briefs Nov. 7, 1894. Affirmed Nov. 28, 1894.

No. 8833.

**A levy defined.**

In this case it is held that the "levy of an execution is the seizure by the officer of the debtor's property under the writ, or subjecting it to his control." 7 Am. & Eng. Enc. Law, 148.

**An action lies for interfering with goods levied upon.**

Where an officer having in his possession an execution levies it upon personal property, and takes it into his custody, he may leave it with a receiptor or with a third party, subject to the officer's control, or may leave it with the debtor as agent of the officer; and in such case, if another person interferes with such property, or carries it away, the officer may maintain an action against him for so doing.

Appeal by defendant, Roswell M. Lyons, from an order of the Municipal Court of the City of Duluth, *Eric L. Winje*, J., made January 31, 1894, denying his motion for a new trial.

Charles Hill recovered a judgment October 16, 1893, in the Municipal Court of Duluth against John B. Weimer for $67.56. An execution thereon was issued that day and delivered for service to Frank Hoffman, chief of police of that city. He on October 19, 1893, levied upon certain office furniture belonging to Weimer then in his office in the Chamber of Commerce building in that city and left it there in charge of O. F. Riebel, a clerk who had a key to the office. He gave Riebel a copy of the execution and of his levy and an inventory of the furniture levied upon. Weimer had gone to New York and was not expected to return within two weeks thereafter. Defendant, Roswell M. Lyons, the janitor of the building, having a duplicate key to the office, afterwards entered the office, took the furniture and removed and disposed of it, claiming to have bought it of Weimer two months before, in payment of a bill of $30 which Weimer owed him for care of the office. Hoffman made a demand of Lyons for the furniture. Being refused he brought this action against Lyons for a return of the furniture or its value in case a return could not be had and damages for its detention. Lyons answered, a jury was waived and the court made findings of fact

and ordered judgment for plaintiff Hoffman as prayed in the complaint. Defendant Lyons moved for a new trial and being denied appeals.

*R. R. Briggs,* for appellant.

The evidence conclusively shows that the appellant Lyons was the owner of the property at the time of the attempted levy.

There was no levy. Personal property capable of manual delivery is levied upon by the officer taking it into his custody. 1878 G. S. ch. 66, § 302. There is no evidence in this case that the officer in any way took this property into his possession. On the contrary, it clearly appears that he did not. *Wilson* v. *Powers*, 21 Minn. 193; *Hemmenway* v. *Wheeler*, 14 Pick. 408; *Libby* v. *Murray*, 51 Wis. 371.

*John Rustgard,* for respondent.

To constitute a levy it is sufficient if the property is under the control of the officer, and he may leave it with the debtor to hold as his agent. The execution defendant may dispense with any actual seizure for his own accommodation, and as between himself and the officer the levy will be held good. 7 Am. & Eng. Ency. of Law, 148, 149; *Weatherby* v. *Covington*, 3 Strobh. 27; *Richardson* v. *Rardin*, 88 Ill. 124; *Keyser's Appeal*, 13 Pa. St. 409; *State* v. *Cassidy*, 4 S. Dak. 58; *Johnson* v. *Iron Belt Min. Co.*, 78 Wis. 159.

The validity of this levy is not denied by the judgment debtor. He has treated it as good and is not interested in this case. The question of the validity of the levy is raised by a third party. A mere stranger and intermeddler cannot come in and question it. It is admitted that defendant acquired no title to or interest in the property in question after the levy was made. Whatever interest, if any, he had in the property was acquired prior to the levy, and whether the levy is valid or not can have no bearing on this case. If he acquired no interest in the property subsequent to the levy he is not in position to complain that he has been misled by the officer's neglect to take the property into custody. If the property was his prior to and at the time of the levy he is entitled to the possession of it, whether the levy was valid or not. The sole question then is, whether or not the defendant at the time of the levy was owner of the property.

It is evident that neither Weimer nor Lyons looked upon the transaction between them as a sale of the property or a payment of the bill. Lyons himself testified that he expected Weimer to pay the bill after he came back from the east, and he offered to return the furniture to plaintiff if he would pay the bill of $30. The testimony of defendant and his witness Weimer bear all the earmarks of sham and fraud. They contradict themselves and each other, and their behaviour throughout is such as to entitle them to no credence. Suspicious evidence the court may disregard. *Kennedy v. McQuaid*, 56 Minn. 450.

The presumption is that this sale, if there was any, was fraudulent, as there was no change of possession. 1878 G. S. ch. 41, § 15; *Murch v. Swensen*, 40 Minn. 421.

If the court erred in passing upon the weight of the evidence, that is not reversible error.

BUCK, J. On the 16th day of October, 1893, one John Hill recovered a judgment against John B. Weimer, in the Municipal Court of the city of Duluth, for the sum of $67.75. The same day an execution was issued against the defendant, Weimer, and placed for service in the hands of the plaintiff in this action, Frank Horgan, who was at that time chief of police of the city of Duluth. On the 25th day of October, 1893, by virtue of such execution, he levied upon the property in controversy, viz. one round-top office desk, one oak office chair, four common office chairs, one letterpress with stand, one flat office desk, and one oak office table, as the property of said Weimer. Prior to the time of the levy, Weimer had an office in the Chamber of Commerce building in Duluth; but at the time of the levy he was absent, and his office was kept locked, except a clerk or employé who worked for him had a key to the office, and had a desk there, and visited the office nearly every day. It appears that, while Weimer was absent, he left this property in his office, where it was at the time of the levy. Prior to the time of the levy, Weimer and Lyons had some conversation in regard to the payment by Weimer to Lyons of a bill for services rendered to Weimer by Lyons as janitor. There appears to have been some conflict in their evidence as to whether there was a sale of the property levied upon, or whether it was agreed between them that Lyons should

take it as security for the bill for services rendered by Lyons to Weimer. Upon this question the court below found that the transaction was not a sale of the property, so far, at least, as against the levy. Although the defendant claims to have bought the property prior to the date of the levy, yet he allowed it to remain in Weimer's office from about September 5, 1893, to some time in November of that year. It was in Weimer's office when the plaintiff levied upon it, and there had been no delivery followed by an actual and continued change of possession. See *Murch* v. *Swensen*, 40 Minn. 421, (42 N. W. 290.)

We are also of the opinion that there was a valid levy by the plaintiff upon the property in question, except, perhaps, as against a subsequent purchaser in good faith; and defendant does not stand in any such relation, for, if he had any right to the property, it was by reason of an arrangement with Weimer prior to the date of the levy. Just what constitutes a levy frequently depends upon the facts in the case.

"The levy of an execution is the seizure by the officer of the debtor's property under the writ, and the taking possession of it or subjecting it to his control." 7 Am. & Eng. Enc. Law, 148.

When the property is once levied upon and taken, and is under control of the officer, he may leave it with a receiptor, or even with the debtor as his agent, or with a third party, subject to the officer's control.

Within these rules we are of the opinion that, upon the evidence, the court below was correct in its decision. Of course, if the judgment was unsatisfied, and the execution in force and the levy valid, the defendant was liable for interfering with the property, and the plaintiff could maintain an action against him for so doing.

The order denying a new trial is affirmed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 60 N. W. 1099.)